# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER J. DE MARKOFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-02017-AWI-MJS<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>FOURTEEN (14) DAY DEADLINE |

　　　　Plaintiff Alexander J. De Markoff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 7, 2011. (ECF No. 1.)

　　　　On July 6, 2012, the Court filed its order setting mandatory scheduling conference for October 11, 2012 at 9:30 AM (ECF No. 3) and therein advised Plaintiff of the requirement that he diligently pursue service upon Defendants. The said order also directed Plaintiff to prepare and file a joint scheduling report prior to the October 11, 2012 scheduling conference and to appear at that scheduling conference. Plaintiff was advised that failure to comply with these requirements could result in sanctions including dismissal of his action. (Id.)

　　　　It appears Plaintiff has complied with none of those three orders.

　　　　There is no indication Plaintiff has served this action on any Defendant. He has not requested an extension of time to do so. Plaintiff did not file a joint scheduling report or request an extension of time to do so. Plaintiff did not appear at the October 11, 2012

1

scheduling conference or contact the Court regarding his non-appearance.

      Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

      Accordingly, it is HEREBY ORDERED THAT:

1. Within not more than fourteen (14) days from service of this order, Plaintiff shall show cause why his case should not be dismissed for failure to prosecute, and

2. Failure to comply with the order may result in the action being dismissed.

IT IS SO ORDERED.

Dated: October 11, 2012        /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE