IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER J. DE MARKOFF,<br><br>       Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE, LARAYNE CLEEK, DOREEN VITALE, KERRIE SCALIA, DEANNA JASSO, DOES 1 through 20,<br><br>       Defendant. | 1:11 – CV - 002017 AWI - MJS<br><br>**ORDER RE MOTION TO STRIKE AND MOTION TO DISMISS**<br><br>(DOCS. 12, 14) |

**INTRODUCTION**

Plaintiff, Alexander J. DeMarkoff, (hereinafter "Plaintiff") filed a complaint

alleging eight causes of action: First, Racial Discrimination in violation of 42 U.S.C.

section 2000e-2; Second, Racial Discrimination in violation of 42 U.S.C. section 1983;

Third, Sexual Discrimination in violation of 42 U.S.C. section 2000e-2; Fourth, Sexual

Discrimination in Violation of 42 U.S.C. 1983; Fifth, Retaliation in violation of 42

U.S.C. section 2000e-3; Sixth, Retaliation in violation of 42 U.S.C. section 1983;

Seventh, a Monell claim against the Tulare County Superior Court alleging a violation of

42 U.S.C. section 1983; and Eighth, Violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution.

Defendants, Superior Court of California, County of Tulare, Larayne Cleek, Doreen Vitale, Kerrie Scalia, and Deanna Jasso, (hereinafter collectively "Defendants") seek an order dismissing 1) all causes of action claiming violations of 42 U.S.C. 1983 filed against the Superior Court and the Defendants in their official capacities, 2) all causes of action claiming violation of Title VII of the Civil Rights Act of 1964 against the Defendants in their individual capacities , and 3) Plaintiff's eighth cause of action for violation of the Equal Protection Clause of the Fourteenth Amendment, all pursuant to Federal Rule of Civil Procedure, Rule 12(b). Further, Defendants seek an order striking the allegedly time barred portions of the complaint pursuant to Federal Rule of Civil Procedure, Rule 12(f).

## FACTUAL AND LEGAL BACKGROUND

Plaintiff, an employee of the Tulare County Superior Court, alleges to have been victim of racial and sex based[1] discrimination at the hands of the Tulare County Superior Court and its employees who acted under color of law. Plaintiff identified in his complaint four members of the Tulare County Court staff, specifically Court Executive Officer, LaRayne Cleek (hereinafter individually "Cleek"), Human Resources Manager, Doreen Vitale (hereinafter individually "Vitale"), Court Financial Officer, Kerrie Scalia (hereinafter individually  "Scalia"), Court Administrative Manager, and Deanna Jasso

---

[1] Plaintiff describes himself as "a mixed race, Hispanic and African-American, male." (Complaint ¶ 11.)

(hereinafter individually "Jasso"), as the perpetrators of the alleged discrimination. (Complaint ¶¶ 5-8.) Plaintiff further pleads that there were persons unknown to him who were engaged in the alleged discrimination against him. (Complaint ¶ 9.)

In the summer of 2009, Plaintiff was enrolled in several training courses offered for court personnel. While enrolling in the training sessions but prior to his attendance it came to Plaintiff's attention that other court personnel who had taken the course received the training at the expense of the Tulare County Superior Court. (Complaint ¶¶ 12-13.) Several times thereafter Plaintiff enrolled in courses and then, upon the direction of Defendant Vitale, cancelled his registration when Defendant Cleek as Executive Officer for the court opted to cover the training expenses of other court employees rather than Plaintiff. (Complaint ¶¶ 13-16.)

In August of 2010, Plaintiff alleges that he was passed over for promotion to the position of Court Financial Officer - which he claims to have been "highly qualified for" – in favor of Defendant Scalia, who plaintiff claims fell below the minimum requisite qualifications for the position. (Complaint ¶ 17.) On August 9, 2010, Plaintiff filed a discrimination complaint in the state court related to the alleged discrimination. (Complaint ¶ 18.) On August 11, 2010, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (Complaint ¶ 20.) On September 30, 2011, Plaintiff exhausted all administrative and internal remedies with the EEOC; the EEOC issued Plaintiff a Notice of Right to Sue. (Complaint ¶ 29.)

Since filing of the complaints with the state court and EEOC, Plaintiff alleges that he has been placed under increased surveillance, (Complaint ¶¶ 21, 26.) threatened with

disciplinary action, (Complaint ¶¶ 22, 23.) segregated from his peers, (Complaint ¶¶ 19, 25.) frustrated in the carrying out of his duties and given an increased workload, (Complaint ¶¶ 24, 27.) and continues to be denied training while white and/or female court employees continue to be given training at the court's expense. (Complaint ¶ 27.)

## LEGAL STANDARD

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike under Rule 12(f) allow parties "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993). Motions to strike are disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.... If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004); *Byrd v. California Superior Court, County of Marin,* 2009 WL 2031761 at *13 (N.D. Cal. 2009); *Contreras, ex rel. Contreras v. County of Glenn,* 725 F. Supp.2d 1157, 1159 (E.D. Cal. 2010). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno,* 2012 WL 6719556 *31 (E.D. Cal. Dec. 26, 2012); *California Dept. of Toxic Substances Contol v. Alco Pacific,* 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most

favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Id*. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, at 1965, n.3 (internal citations omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1960; see also *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* at 1974.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe. v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  In other words, leave to amend need not be granted only when amendment would be futile.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## DISCUSSION

### I.      Defendants' Motion to Dismiss

A. Plaintiff's 42 U.S.C. § 2000e Claims

Defendants argue that Plaintiff's first, third, and fifth causes of action should be dismissed as to the named defendants in their individual capacities. Defendants base this argument on the contention that "supervisory agents and other agents of an employer are not 'employers' for liability purposes of 42 U.S.C. § 2000e [et. sec.]" (Motion to Dismiss ("MTD") p. 4.)

42 U.S.C. § 2000e(b) defines "employer" to include "any agent" of the employer. The Ninth Circuit has interpreted this provision "to incorporate respondeat superior liability into the statute" rather than impose "employer liability" on the employee. *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Accordingly, civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee.

*Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998). The only potential liability provided for by Section 2000e-2 is against an employer, not an individual employee or supervisor. Accordingly, this Court dismisses Plaintiff's First, Third, and Fifth causes of action as they pertain to defendants Cleek, Vitale, Scalia, and Jasso in their individual capacities.

A suit against state officials in their official capacity is not a suit against the officials but rather is a suit against the officials' offices and, thus, is generally no different from a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, naming both the Tulare County Superior Court and the individual defendants in their official capacities in First, Third, and Fifth causes of action is duplicative. As such, for the sake of simplifying the pleadings, this Court dismisses Plaintiff's First, Third, and Fifth causes of action as they pertain to defendants Cleek, Vitale, Scalia, and Jasso in their official capacities.

The First, Third, and Fifth causes of action are not dismissed as to the Tulare County Superior Court.

B.  Plaintiff's 42 U.S.C. § 1983 Claims

Defendants argue that Plaintiff's Second, Fourth, Sixth, and Seventh causes of action pursuant to 42 U.S.C. § 1983 should be dismissed as to the Tulare County Superior Court. Defendants assert that the Court is not a "person" within the meaning of Section 1983; rather it is an arm of the state. Accordingly, the Tulare County Superior Court is immune because the Eleventh Amendment bars suits against the state.

The named defendants in their official capacities and the Tulare County Superior Court are not persons for purposes of 42 U.S.C. § 1983 liability. *Byrd v. California Superior Court, County of Marin*, 2009 WL 2031761 at *5 (N.D. Cal. July 8, 2009.); *Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

The Eleventh Amendment bars suit against the state unless immunity is waived. The Superior Court is protected by Eleventh Amendment Immunity as an arm of the state. *Zolin,* 812 F.2d at 1110. Waiver of immunity is not easily done. *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). Typically, "[w]aiver of Eleventh Amendment immunity by a state will be found only where stated by the most express language or by such overwhelming implication from the text [of a state statute] as [will] leave no room for any other reasonable construction." *Id.* at 319. There is no evidence in the record that the Superior Court has waived its Eleventh Amendment Immunity. Accordingly, the Superior Court is immune from suit under 42 U.S.C. § 1983 pursuant to the Eleventh Amendment.

C. Plaintiff's Fourteenth Amendment Claim

Plaintiff's Eighth Cause of Action attempts to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants contend that a Fourteenth Amendment claim requires a statutory vehicle, namely 42 U.S.C. § 1983. *Magana v. Com. Of Northern Mariana Islands*, 107 F.3d 1436, 1442. (9th Cir. 1997). Defendants are correct in their assertion. Plaintiff alleges violations of the Fourteenth

Amendment's Equal Protection Clause in his other 42 U.S.C. § 1983. The Eighth Cause of Action is therefore duplicative of the Second, Fourth, Sixth, and Seventh Causes of Action. Accordingly, the Eighth Cause of action is dismissed without leave to amend.

## II.    Defendants' Motion to Strike

Defendants seek to have portions of Plaintiff's complaint stricken on three bases: First, Defendants seek an order striking all reference to allegedly discriminatory acts outside of the applicable statute of limitations. Second, Defendants seek an order striking reference to the Tulare County Superior Court in each of the 42 U.S.C. 1983 causes of action where the court is immune based on the Eleventh Amendment. Third, Defendants seek an order striking Plaintiff's Eighth cause of action because the Fourteenth Amendment claim is not brought in the correct procedural vehicle.

A.  Timeliness as a Ground for Motion to Strike.

As set out fully above, a motion to strike pursuant to FRCP 12(f) is designed to allow for the striking of any redundant, immaterial, impertinent, or scandalous matter.

Defendants are correct that 42 U.S.C. § 2000e-d(e)(1) sets the statute of limitations for a discrimination claim to be filed with the EEOC at 180 days and that 42 U.S.C. 1983 borrows the California personal injury statute of limitations of two years. Defendants are further correct that Plaintiff alleges to have filed his discrimination complaint with the EEOC on August 11, 2010 and a claim with this court raising for the first time claims pursuant to 42 U.S.C. 1983 on December 7, 2011. Accordingly, any causes of action in Plaintiff's complaint relating to injuries that Plaintiff may have suffered prior to December 7, 2009 are time barred.

This is where Defendants cease to be correct. Although Plaintiff may not recover for any damages that he suffered prior to December 7, 2009, that fact does not lend itself to the inevitable conclusion – as Defendants suggest – that the allegations, beyond those time allowed by statute for recovery, should be stricken. Defendants heavily rely on *National Railroad Passenger Corp. v. Morgan*. Defendants would have this Court read *Morgan* only for the proposition that discrete discriminatory acts are not actionable if time barred. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). While it is true that the injuries occurring beyond the limitations period are not actionable, the United States Supreme in *Morgan* specifically held that the statute of limitations does not bar an employee from using prior acts as background evidence in support of a timely claim. *Id.*

Here, Defendant seeks to have this court strike evidence of discrete acts beyond the limitation period. The acts beyond the limitations period are not actionable but neither are they redundant, immaterial, impertinent, or scandalous material warranting striking pursuant to Fed. Rule Civ. Proc. 12(f).

B. Immunity as a Ground for Motion to Strike

A motion to strike pursuant to Fed. Rule Civ. Proc. 12(f) is generally not the proper method to obtain dismissal of some or all of the claims raised in a complaint. *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977). Rather, a party seeking dismissal should bring a motion pursuant to Fed. Rule Civ. Proc. 12(b)(6). *Id.* The Northern District of California has previously permitted conversion of a Fed. Rule Civ. Proc. 12(f) motion to a motion to dismiss for failure to state a claim pursuant to Fed. Rule

Civ. Proc. 12(b)(6). *Oracle Corp. v. DrugLogic, Inc*. 807 F.Supp.2d. 885, 896 (N.D. Cal. Aug. 8, 2011).

In Defendants' motion to strike pertaining to Eleventh Amendment immunity Defendants rely exclusively upon cases that provide for dismissal of claims against superior courts pursuant to Fed. Rule Civ. Proc. 12(b)(6). In spite of citing caselaw supporting dismissal, rather than a motion to strike, defendants seek to have the court strike portions of the cause of action.

Since defendant separately raised and this Court has granted the Fed. Rule. Civ. Proc 12(b)(6)  motion to dismiss for failure to state a claim based on Eleventh Amendment immunity this court need not determine whether, as the Northern District of California has held, the court should convert a Rule 12(f) motion to a Rule 12(b)(6) motion in this case.

C. Improper Procedural Vehicle as Grounds for Motion to Strike

Because this court dismisses the Plaintiff's Eighth Cause of Action with leave to amend Defendants' motion to strike its language is moot.

**ORDER**

Defendants' Motion to Dismiss is GRANTED. Plaintiff fails to state a claim in his First, Third, and Fifth Causes of Action against the individual defendants pursuant to 42 U.S.C. § 2000e-2. Plaintiff does state a viable claim in his First, Third, and Fifth Causes of Action against the Tulare County Superior Court pursuant to 42 U.S.C. § 2000e-2. Accordingly, as to the individual defendants, the First, Third, and Fifth Causes of action are DISMISSED, with prejudice.

Plaintiff fails to state a claim in his Second, Fourth, Sixth, and Seventh Causes of Action against the Tulare County Superior Court pursuant to 42 U.S.C. § 1983. Plaintiff does state a viable claim in his Second, Fourth, Sixth, and Seventh Causes of Action against the individual defendants under color of law pursuant to 42 U.S.C. § 1983. Accordingly, as to the Tulare County Superior Court, the Second, Fourth, Sixth, and Seventh Causes of action are DISMISSED, with prejudice.

Plaintiff fails to state a claim in his Eighth Cause of Action. Accordingly, Plaintiff's Eighth Cause of Action is DISMISSED, as duplicative of his other 42 U.S.C. § 1983 Claims.

Defendants' Motion to Strike is DENIED.

Defendants must file an answer within twenty-five (25) days of this order.

IT IS SO ORDERED.

Dated:   May 3, 2013   

_____
SENIOR  DISTRICT  JUDGE